IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIR CEA G. MAI, a/k/a Hermione Kelly Ivy Winter, David Allen Allemandi and other aliases, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 21-26 (VAC) ) ) |
| GDCG, et al., | ) ) |
| Defendants. | ) |

# **MEMORANDUM OPINION**

Sir Cea G. Mai, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

June 7, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Sir Cea G. Mai, who is known by numerous aliases,[1] is an inmate at the Sussex Correctional Institution in Georgetown, Delaware. Plaintiff filed this action on January 12, 2021, under various legal theories. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). This Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

**I.  BACKGROUND**

Plaintiff names twenty-two defendants and attempts to raise constitutional violation claims and claims under state law. (D.I. 1). In the past, Plaintiff has filed numerous lawsuits seeking gender reassignment surgery and a transfer to Baylor Women's Correctional Institution in New Castle, Delaware.

Plaintiff's litany of complaints includes, but is not limited to, sexual assault by an inmate and a correctional guard, unsafe housing conditions, verbal abuse, threats, housing assignments, denial of medical health care, contracting COVID, failure to transfer Plaintiff to a female correctional facility, and medical malpractice.

The prayer for relief seeks among other things five million dollars in damages, release from prison and modification of sentence, gender reassignment surgery, transfer to a female correctional institution, and an order preventing an out-of-state transfer. (*Id.* at 25).

---

[1]  Plaintiff has a litigious history. When the first was filed, Plaintiff was known as David Allen Allemandi. It appears that Plaintiff's name later changed to Hermione Kelly Ivy Winter, then to Kelly E.S. Aliahmed and then to Ser Cea G. Mai.

1

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, Plaintiff's pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

The Complaint is deficiently pled for several reasons. For example, many counts do not refer to any defendant. (*See* Counts II, III, IX, XVI). In other counts, Plaintiff complains of feeling unsafe, but does not allege any type of injury. (*See* Counts IV, V, VI, VIII, XVII). Plaintiff claims verbal assault but this is not actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009). Plaintiff attempts to raise a medical negligence claim under state law, but the Complaint does not comply with the requisites necessary to bring such a claim. *See* 18 Del. C. § 6853(a)(1). At most, Plaintiff possibly state claims of sexual assault by Defendants prisoner Gabriel August ("August") and Officer Gibbins ("Gibbins"), but August is not a state actor and the allegations against Gibbins are sparse. (*See* Counts I and XV). As to the remaining claims, they are made in a conclusory manner and in many instances without supporting facts. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Indeed, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 at 1949.

The claims do not meet the pleading requirements of *Iqbal* and *Twombly*, and the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

4

Because it is possible that Plaintiff may be able to state claims, he will be given leave to file an amended complaint.

## IV.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.